427 So.2d 1298 (1983)
STATE of Louisiana, State-Appellee,
v.
Albert KLINE, Defendant-Appellant.
No. 15194-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1299 Robert W. Gillespie, Jr., and Catherine M. Estopinal, Shreveport, for state-appellee.
William D. Hall, Shreveport, for defendant-appellant.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
Defendant, Albert Kline, pled guilty to one count of distribution of marijuana and was sentenced to serve five years at hard labor in the custody of the Department of Corrections. On appeal Kline attacks his sentence: we affirm.
Kline made several sales of marijuana to narcotics officers of the Shreveport Police Department. Kline and a confederate, Ernest Lonadier, were arrested while delivering the officers 10½ pounds of marijuana.
Kline was charged by information with three counts of distribution of marijuana relating to the 10½ pound sale and two earlier smaller sales. Lonadier was also charged with the 10½ pound sale.
Kline pled guilty to the charge stemming from the 10½ pound sale and the other charges were dismissed. A pre-sentence investigation was ordered and later a sentencing hearing was held. The district judge imposed the five year sentence and Kline appealed.
Kline contends the district judge erred in:
1) failing to comply with LSA-C.Cr.P. art. 894.1;
2) imposing an excessive sentence; and
3) denying him due process by imposing a sentence which is inequitable in light of the sentence received by Lonadier.

Assignment # 1
A reading of the transcript of the sentencing hearing shows that this assignment lacks merit.
The district judge correctly noted that appellant, a second felony offender, was not eligible for probation or a suspended sentence. LSA-C.Cr.P. art. 893. However, he also made a lengthy and careful review of the facts and circumstances of this case as they relate to the length of the sentence to be imposed.[1]
Contrary to appellant's argument, the sentencing judge is not required to recite a list of every factor mentioned in C.Cr.P. art. 894.1. See State v. Grey, 408 So.2d 1239 (La.1982); State v. Sims, 410 So.2d 1082 (La.1982); State v. Donahue, 408 So.2d 1262 (La.1982); cf. State v. Fields, 394 So.2d 597 (La.1981).
This assignment of error is without merit.

*1300 Assignment # 2

The offense to which defendant pled guilty is punishable by imprisonment, at hard labor, for up to ten years and a fine of up to $15,000. The sentence actually imposed, five years at hard labor, is in the midrange of possible penalties.
Appellant has a prior felony conviction for theft. He made several other sales of marijuana to the police and the sale which resulted in this charge involved over ten pounds of marijuana. Kline was armed at the sale.
The above recited facts all strongly indicate that a lengthy term of imprisonment should have been imposed. That Kline was sentenced to only five years shows the district judge gave appellant full benefit of all mitigating factors in the case.
The sentence imposed is compatible with the offender and the offense and is not a needless or purposeless imposition of pain and suffering. See State v. Jones, 398 So.2d 1049 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980).
This assignment of error is without merit.

Assignment # 3
Appellant's co-defendant, Lonadier, was sentenced by a different judge and received a lesser sentence. However, this presents no error as sentencing judges are not required to treat co-defendant's equally. State v. Rogers, 405 So.2d 829 (La.1981).
This assignment of error is without merit.
For the foregoing reasons the sentence is AFFIRMED.
NOTES
[1] Included in this review was the defendant's prior criminal record, the three counts of distribution of marijuana actually filed, and evidence of other marijuana offenses not charged, that defendant was selling a large quantity of marijuana and the damaging effect this activity was having on society. The court also considered the fact that the defendant was armed with a concealed pistol when making the sale.

The court considered in mitigation the defendant's youth, the moral support he received from his family and his good work record.