NORRIS, Judge.
Roderick Bristo and Jack Mayweather, appeal as excessive sentences of three and four years imprisonment at hard labor respectively after they pled guilty to simple burglary [La.R.S. 14:62.].[1]
Not only do defendants complain that the trial judge imposed excessive sentences but they also contend that he failed to state for the record, a factual basis for the sentences imposed. Finding no merit to the contentions of the defendants, we affirm.
Article I, § 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to review. State v. Sepulvado, 367 So.2d 762 (La.1979). In imposing sentence, a trial court is mandated to comply with the requirements of La.C.Cr.P. Art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Jones, 381 So.2d 416 (La.1980). However, this article does not require the trial judge to set forth for the record all of the factors listed in the statute which were accorded weight by him in determining to impose a sentence of imprisonment rather than to grant suspension of sentence or probation. State v. Jacobs, 383 So.2d 342 (La.1980). It is sufficient that the record reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La. 1979); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983).
In sentencing Bristo, the trial judge stated that after reviewing the pre-sentence report, he was of the opinion that Bristo was in need of custodial environment which could be best provided by confinement in a correctional institution and that Bristo would be likely to commit another crime during a period of probation or suspended sentence. These conclusions were based on Bristo’s previous juvenile record, his poor employment record, the fact that he had escaped from jail during his incarceration pending the outcome of this charge and the fact that he had no dependents. The trial judge also stated that he had reviewed the applicable mitigating circumstances, including Bristo’s age (18) and his first felony offender status, and found them to be outweighed by the aggravating factors, even though it was stated that the mitigating factors had a bearing on the length of the sentence. Based on those considerations, the trial judge sentenced Bristo to serve three years at hard labor.
In sentencing Mayweather, the trial judge stated that he had reviewed the pre-sentence investigation report and was of the opinion that the aggravating factors set forth in Article 894.1 were controlling, specifically the factor that Mayweather would commit another crime during a suspended sentence or probationary period and that he was in need of correctional treatment best provided by confinement in a correctional institution. These conclusions were based on Mayweather’s juvenile record, which included another simple burglary offense, and serious misdemeanor offenses committed after he became an adult. Also considered were defendant’s prior unsatisfactory probationary period and his poor employment record. The trial judge further stated that he had considered the relevant mitigating factors but considered them to be outweighed by the aggravating factors present. Based on these considerations, the trial judge sentenced Mayweather to four years at hard labor.
Based on the foregoing, we conclude that the trial judge adequately considered and complied with the requirements of La. C.Cr.P. Art. 894.1.
When Article 894.1 has been complied with, a sentence should not be set *436 aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). Thus, our review of these sentences is confined to whether the trial judge has abused his great discretion in sentencing these defendants. The three factors which are essentially considered in such a review are (1) the nature of the crime (2) the nature and background of the offender and (3) the sentences imposed for similar crimes by the same court or other courts. State v. Finley, 432 So.2d 243 (La.1983). We have reviewed this record carefully, including the pre-sentence reports, and have reviewed sentences imposed in similar cases. Based upon this review, we conclude that the trial judge did not abuse his discretion in imposing these sentences. The sentences imposed are well within the lower range of sentences for the crimes charged, and there is nothing contained in the record to conclude that probated or suspended sentences were required.
Accordingly, defendants’ convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.

. La.R.S. 14:62 provides in part:
[[Image here]]
Whoever commits the crime of simple burglary, shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.