PER CURIAM.
Defendant-relator, Brian Lembcke, was convicted of a first offense D.W.I., La.R.S. *354 14:98, and sentenced to pay a fine of $125.00 plus costs or in default thereof, to be confined to the East Baton Rouge Parish Jail for 30 days. Additionally, the court sentenced the defendant to be confined to the Parish Jail for a period of 10 days with credit for time already spent in jail as a result of this offense.
In applying for writs, relator argues that the trial judge did not comply with La.Code Crim.P. art. 894.1 and imposed a 10 day sentence without considering individual circumstances or the possibility of a suspended sentence, which denies relator his equal protection rights. We issued a writ of certiorari for the purpose of reviewing the record.
When asked the question by defense counsel if it was true that the trial judge had previously stated.in open court that the court was going to order a 10 day minimum sentence to everybody who came through the “swinging doors,” the trial judge answered, “that’s absolutely correct.”
If a court previously decides that all first offense D.W.I. offenders will receive a 10 day sentence without consideration of individual circumstances, then the court has failed to individualize the sentence as required by La.Code Crim.P. art. 894.1. Thus a vacation of the sentence and remand for resentencing is mandated.
In an apparent defense of his actions, the trial judge stated that he did not have the staff to supervise any alternative to a jail sentence. Any shortcomings in the staffing of a court to the extent that a court is not staffed at a reasonably necessary level to perform its constitutional duty can be cured by the court. See McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3rd Cir.1983).
Therefore, the conviction is affirmed, but the sentence is reversed and this matter remanded for resentencing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.