459 So.2d 1333 (1984)
STATE of Louisiana
v.
John VAMPRAN.
No. 84 KA 0467.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Rehearing Denied December 28, 1984.
*1334 William J. Burris, Asst. Dist. Atty., Franklinton, for the State.
Sam J. Collett, Jr., Bogalusa, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tempore:
The defendant, John Vampran, was charged by Grand Jury indictment with two counts of distribution of cocaine, violations of LSA-R.S. 40:967(A). After he entered a plea of guilty to one count, the other was nolle prosequied and defendant was sentenced to serve five years at hard labor. He appealed, alleging three assignments of error.
*1335 The issues are: (1) whether the trial judge failed to comply with the provisions of LSA-C.Cr.P. Art. 894.1; (2) whether the trial judge improperly considered inappropriate sentencing factors; and (3) whether the sentence imposed is excessive.
To prevent the possible imposition of excessive punishment and to guide the trial court in its sentencing tasks, the legislature enacted LSA-C.Cr.P. Art. 894.1, which sets forth factors which justify a sentence of imprisonment and other factors which tend to indicate suspension of sentence or probation as more appropriate. State v. Smith, 430 So.2d 31 (La.1983). In imposing sentence, a trial judge must comply with the mandatory requirements of the article and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Jones, 381 So.2d 416 (La.1980). However, the article does not require that the trial judge set forth all of the factors listed in the statute to which he or she accorded weight in determining to impose a sentence of imprisonment. State v. Jacobs, 383 So.2d 342 (La.1980).
We are satisfied from our review of the record that the trial judge adequately considered the relevant factors of Art. 894.1, and thus we find no merit in defendant's first assignment of error. However, defendant argues that the trial judge improperly considered numerous inappropriate sentencing factors, and we agree.
In deciding whether to confine a defendant or to grant him probation, the judge must consider the factors listed in Art. 894.1, based upon factual determinations. The judge should review the defendant's personal history, prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978). It is not improper for the judge to take into account larger sociological concerns in imposing sentence, as long as the sentence is particularized to the defendant. State v. Ray, 423 So.2d 1116 (La.1982); State v. Bourgeois, 406 So.2d 550 (La.1981).
In imposing sentence, the trial judge emphasized his belief that defendant, by engaging in the distribution of drugs, was contributing to the "degradation of society". He indicated that he hoped by imposing a sentence of imprisonment to send a message to other drug offenders in the community. While the judge's concerns in regard to the seriousness of the drug problem in our society were valid, it is apparent that his outrage prevented him from imposing a properly individualized sentence. Similarly, a desire to teach others a lesson is not an acceptable basis for the penalty imposed on the defendant. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Touchet, 372 So.2d 1184 (La.1979).
The trial judge also relied upon other considerations for which we are unable to find any supporting factual evidence in the record. These statements concerned: (1) the alleged bad company defendant was associating with, which the judge felt would lead him into further criminal activity if placed on probation rather than incarcerated; (2) the young people defendant may have influenced into criminal activity; and (3) the dependents the defendant may have deprived of needed support by encouraging drug purchases. Because no factual basis was given to support any of these generalized statements, they were inappropriately considered by the trial judge in imposing a sentence of incarceration. Bourgeois, supra, at 553-554.
Finally, the trial judge erred in concluding that "there are some crimes that are so serious that they demand incarceration for the benefit of the community and society, even though that (sic) the defendant may otherwise seemingly qualify for probation. The court believes that this is one of those such instances." The seriousness of an offense is but one of several factors a sentencing judge should consider when deciding whether to impose incarceration or probation. LSA-C.Cr.P. Art. 894.1; State v. Jackson, supra. When the statute violated by the defendant does not prohibit *1336 the sentencing judge from suspending the sentence and placing him on probation, it is error for the judge to substitute his judgment regarding the serious nature of an offense for that of the legislature.
Finally, defendant contends that the sentence imposed is unconstitutionally excessive.
Article 1, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be within statutory limits, yet still be violative of a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). However, a trial judge is given wide discretion in the imposition of sentence within statutory limits, and the sentence imposed will not be set aside as excessive in the absence of an abuse of that discretion. State v. Sepulvado, supra.
In the instant case, the record reveals that on two occasions defendant sold one gram of cocaine to a police undercover agent. In the presentencing report, defendant revealed that he was given the cocaine to sell by his brother-in-law, who was going out of town and wanted to get rid of it. He stated at the sentencing hearing that he did it solely because he had been laid off from his job for a month and was being pressed by his estranged wife to pay the court-ordered child support he owed their daughter. He admitted that he had also sold one or two other grams to others. Defendant was 27 years old at the time of the offense and was a high school graduate. He had worked steadily since graduation, except for the month he had been laid off. He had married, had a child, and been divorced; he was paying $200 per month child support. He denied ever selling drugs on any other occasion, and there was no evidence presented by the state to prove otherwise. In fact, the state did not put on any evidence at all at the sentencing hearing. Defendant was not arrested until five months after the undercover purchase, in a "round-up" by the Bogalusa police department.
Defendant further testified that he was currently working for a construction company in Slidell. As he lives in Bogalusa with his father, he must rise at 4:30 a.m. to drive to New Orleans, and does not return home until 6 or 7 p.m. He rarely goes out, and then only with his girlfriend, whom he intends to marry. He expressed remorse for his criminal behavior. Defendant has no prior juvenile or adult record for arrests or convictions, except for a traffic violation and a misdemeanor charge, drinking in public. The probation officer concluded in his report that defendant, as a first felony offender, was eligible for a suspended sentence with supervised probation.
Defendant's father testified that his son had never given him any problems before, was very remorseful over his mistake and continued to suffer for it. He stated that defendant and his girlfriend had a strong relationship. He further testified that when his son had been laid off, he looked for a job but could not find one. He was ultimately rehired by his previous employer. Defendant's mother also testified, stating that her son was remorseful and lived a quiet life, seeing only his girlfriend.
Other friends and relatives of the defendant testified, all stating that he was a good person who had never been in trouble before, but who had just made one mistake. They confirmed the previous testimony about defendant's remorse and his current activities and relationship with his girlfriend. That young lady testified that she had suffered a heart attack in January of 1982 and that defendant had given her a reason to live. She stated that he was extremely sorry for what he had done, and had cried and lost sleep in remorse.
The trial judge, in articulating for the record the considerations taken into account and the factual bases therefor, concluded that, given the factors discussed supra (which we have determined to have been inappropriately considered), the imposition of imprisonment was warranted. He found no justification for commission of the offense in defendant's period of employment, noting that defendant had failed to apply for unemployment compensation or seek financial aid from his family. He also felt that if defendant were placed on probation, *1337 the circumstances which led to his committing the offense might well recur. He also felt that any penalty less severe would deprecate the seriousness of the offense.
The sentence for a violation of LSA-R.S. 40:967(A) is imprisonment at hard labor for not less than five years nor more than thirty years, with the option available of a fine of not more than $15,000. The statute does not prohibit the trial judge from suspending the sentence and placing the defendant on probation. Defendant's sentence is thus the statutory minimum for incarceration.
Considering only the factors appropriate in sentencing, and disregarding the concerns which motivated the trial judge to impose incarceration for this defendant, it is our conclusion that under these particular circumstances the trial judge abused his sentencing discretion.
For the foregoing reasons, defendant's sentence is vacated and the case remanded to the trial court for resentencing in accordance with the views expressed herein.
SENTENCE VACATED, REMANDED FOR RESENTENCING.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.