FORET, Judge.
The defendant, Lionel Hudson, was charged with driving after having been adjudged a habitual offender, in violation of LSA-R.S. 32:1480, on June 8, 1983 [1] The defendant pled guilty to the charge and was subsequently sentenced to serve two years at hard labor. The defendant has appealed, assigning as error the trial court’s failure to adhere to the sentencing guidelines in C.Cr.P. Art. 894.1 and the excessiveness of his sentence. We affirm the sentence of the trial court.
The trial judge, in imposing the sentence complained of, had the benefit of a pre-sentence investigation for consideration in his determination of an appropriate sentence. The court was unable to give the defendant a suspended sentence due to a previous felony conviction and was greatly impressed by the extent of the defendant’s past criminal record. The judge stated that the pre-sentence investigation report showed that the defendant had either a *94 misdemeanor offense or driving offense every year from 1973 through this offense in 1983. The trial judge noted that the defendant had every opportunity to straighten up, but hadn’t done so; that despite the revocation of his driving privileges, he continued to drive, resulting in the instant charge. The defendant was sentenced to two years at hard labor, which was well within the statutory maximum sentence of five years’ imprisonment.
“... the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).”
State v. Washington, 414 So.2d 313 (La. 1982).
The record of the sentencing hearing shows that the trial judge considered the defendant’s employment status, his marital status, and any situation of financial dependence on the defendant, and it is clear that the trial judge felt that to impose a lesser sentence would deprecate the seriousness of the defendant’s crime.
“The sentencing judge is not required to recite and list every factor in the statute governing sentencing guidelines. State v. Kline, 427 So.2d 1298 (La.App. 2nd Cir.1983).”
State v. Moss, 438 So.2d 1283 (La.App. 3 Cir.1983), writ denied, 443 So.2d 588 (La. 1983).
“When we find that the sentencing guidelines have been adequately considered, our standard of review is stated as follows:
‘[a] sentence will not be set aside as excessive absent manifest abuse of the trial judge’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La. 1979); State v. Sepulvado, [367 So.2d 762 (La.1979) ] supra. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).’
State v. Smack, 425 So.2d 737, 740 (La. 1983).”
State v. Brewer, 436 So.2d 631 (La.App. 3 Cir.1983), writ denied, 440 So.2d 148 (La. 1983).
We find that the record provides an adequate basis for review and constitutes adequate compliance with C.Cr.P. Art. 894.-1, and we do not find the sentence imposed so disproportionate to the crime committed as to shock our sense of justice.
Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. LSA-R.S. 32:1480 provides:
"§ 1480. Driving after judgment prohibited; penalty
A. It shall be unlawful for any person to operate any motor vehicle in this state while the order of suspension prohibiting the operation remains in effect. Any person found to be a habitual offender under the provisions of this Chapter who is thereafter convicted of operating a motor vehicle in this state while the order of suspension prohibiting such operation is in effect, shall be punished by imprisonment for not less than one year nor more than five years.
B. For the purpose of enforcing this Section, in any case in which a person is charged with driving a motor vehicle while his license, permit, or privilege to drive is suspended or revoked or is charged with driving without a license, the court before hearing such charges shall require the district attorney to determine whether such person has been adjudged a habitual offender and by reason of such judgment is barred from operating a motor vehicle on the highways of this state. If the district attorney determines that such a person has been adjudged a habitual offender, he shall cause the appropriate criminal charges to be lodged against that person.”