FORET, Judge.
The defendant, Joe H. Lincoln, was charged with the crime of simple burglary in violation of LSA-R.S. 14:62. Defendant plead guilty to the charge and was sentenced by the trial court to serve four (4) years at hard labor. Defendant has appealed, assigning as error the trial court’s failure to properly apply the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and the excessiveness of his sentence. We affirm the sentence of the trial court.
The defendant is a 22-year-old resident of Shreveport, Louisiana, who, along with two other persons, burglarized Many Marine, Inc. in Many, Louisiana, and stole approximately $18,000.00 worth of merchandise. At the time of sentencing, only about one-half of the merchandise had been recovered.
At the time of the guilty plea hearing, the trial court ordered a pre-sentence investigation. After consideration of the defendant’s criminal record and the pre-sen-tence investigation report, the trial court imposed a four-year sentence at hard labor. The maximum term of imprisonment for simple burglary is twelve years. The trial court’s written reasons for the sentence, filed into the record at the sentencing hearing, show that the trial court adequately complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 in deciding to sentence defendant to a term of imprisonment rather than probation.
Defendant is a first felony offender, but had a prior DWI conviction and carrying an illegal weapon charge for which a bench warrant issued upon his failure to appear in court. The terms of probation imposed upon him were completed unsatisfactorily, in the court’s estimation. Additionally, he was considered a poor probation risk for probation supervision by the Shreveport District Probation Office.
The trial court was of the opinion that due to the unreliability demonstrated by defendant on prior probation, his past record, and general conduct, he was in need of correctional treatment in a custodial environment, and to impose a lesser sentence would deprecate the seriousness of the crime. Four years at hard labor is well within the statutory maximum sentence.
“The sentencing judge is not required to recite and list every factor in the statute governing sentencing guidelines. State v. Kline, 427 So.2d 1298 (La.App. 2nd Cir.1983).”
State v. Moss, 438 So.2d 1283 (La.App. 3 Cir.1983), writ denied, 443 So.2d 588.
“When we find that the sentencing guidelines have been adequately considered, our standard of review is stated as follows:
‘[a] sentence will not be set aside as excessive absent manifest abuse of the trial judge’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La. 1979); State v. Sepulvado, [367 So.2d 762], supra. The penalty imposed must be so disproportionate to the crime committed, in light of the. harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).’
State v. Smack, 425 So.2d 737, 740 (La.1983).”
State v. Brewer, 436 So.2d 631 (La.App. 3 Cir.1983), writ denied, 440 So.2d 148.
We find that the trial court adequately and, in fact, thoroughly considered the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 in imposing the sentence complained of, and we do not find the sentence imposed so disproportionate to the crime committed as to shock our sense of justice.
*1196 Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED.