GROVER L. COVINGTON, Chief Judge.
Janice Brand was charged by bill of information with public bribery, La.R.S. 14:118. She was tried by a jury and convicted as charged. The trial court subsequently sentenced her to serve fifteen months at hard labor. She appealed, alleging eleven assignments of error, but briefed only two. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
At the time of this offense, defendant was employed by the Department of Public Safety as a safety enforcement officer with the Office of Motor Vehicles. In this capacity, she had access to confidential criminal records, including both state records and files maintained in the National Crime Information Center (N.C.I.C.) by the F.B.I. Testimony at the trial established that the dissemination of criminal records information is protected by federal and state law, and that safety enforcement officers did not have the authority to release information obtained from the N.C.I.C. to the general public.
Trooper Joey Booth of the Louisiana State Police began an investigation of defendant after learning that she had provided confidential information to persons outside her agency. With the cooperation of Jerry Peters, an informant employed by the State Police, Trooper Booth monitored several conversations between Peters and defendant in which she furnished verbal reports on criminal records requested by Peters. Booth later tape-recorded a meeting at which defendant provided written reports, including N.C.I.C. files, to Peters. The conversation concluded with Peters’s promise to “make you rich with these printouts” and defendant's rejoinder that she could use the money. Later that evening, Peters delivered the computer records obtained from defendant to Booth, who had monitored the conversation when he taped it.
Approximately one month after the documents were exchanged, defendant met with Peters on the grounds of the office of the Department of Public Safety. At that time, Peters gave defendant $100.00. Booth also monitored and recorded this conversation while keeping the parties under observation. Through handling error, the tape recording was of such poor quality that it could not be used as evidence. However, Peters testified that he gave the money to defendant in return for the confidential documents previously provided to him. Based primarily on the evidence of the recording of the meetings and the testimony of Booth and Peters, defendant was convicted of public bribery, for accepting $100.00 for confidential criminal records.
SUFFICIENCY OF THE EVIDENCE
Defendant submits that the trial court erred in denying her motion for a post verdict judgment of acquittal. She contends the state failed to prove that she intended to receive payment for the protected information provided to Jerry Peters and that the evidence supported her defense of entrapment.
*704 In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard was adopted by the Legislature in enacting La.C.Cr.P. art. 821, which pertains to post verdict motions for acquittal based on insufficiency of evidence: the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
La.R.S. 14:118 provides in pertinent part as follows:
Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee; or
(2) Election official at any general, primary, or special election; or
(3) Grand or petit juror; or
(4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
(5) Any person who has been elected or appointed to public office, whether or not said person has assumed the title or duties of such office.
The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.
Defendant readily admits that she provided the criminal records to Peters; she also admits that she received $100.00 from him after she gave him the records. Defendant claims, however, that the money was a loan and that she did not ask for or expect to receive money in return for the confidential information.
Despite defendant’s assertion that she did not expect to receive money when she provided the records to Peters, the taped statement in evidence shows her expectation of material reward. While much of the tape is unintelligible, the exchange whereby Peters told her he would “make her rich” with these printouts and defendant’s statement that she could use the money is both graphic and distinct.
On cross-examination, defendant was questioned about her response as follows:
Q Would it be incorrect to say that you said in response to the following statement by him, okay, I will make you rich with these printouts. And you responded, yes, I need the money.
A Yes, sir, and it was just really — when I heard the tape I was shocked. It was really not meant the way it came down, it shocked me that I would say something that stupid, too, yes.
Q Do you admit at this time that you did say, yes, I need the money?
A I heard it on the tape, I must have said it, yes.
Thus, defendant’s statements, as well as her efforts to explain them, provide a basis from which any rational juror could have inferred defendant’s intention to receive something of value for the printouts. Moreover, Peters testified that he offered defendant money in return for the information and that the money was offered for no other purpose. Defendant’s argument that the state failed to prove her intent to receive anything of value has no merit.
Defendant also contends the court erred in failing to grant her motion for a post verdict judgment of acquittal because the evidence established the defense of entrapment. She submits the state failed to establish that she had the intent to accept money for the documents before she gave them to Peters and that he induced the crime by giving her the money one month after she gave him the reports.
*705 An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of the commission of an offense solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not otherwise disposed to do so. State v. Batiste, 363 So.2d 639 (La.1978). When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. Id. An entrapment defense will not lie if the officers or agents merely furnished a defendant who is predisposed to commit the crime the opportunity to do so. State v. Moody, 393 So.2d 1212 (La. 1981). .
In State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984), writs denied, 466 So.2d 465, 466 (La.1985), reconsideration denied, 467 So.2d 1125 (La.1985), the Second Circuit Court of Appeal held that a defendant bears the burden of production of evidence in support of his defense of entrapment and, having done so, he has the burden of persuading the trier of fact of the existence of facts constituting the defense by a preponderance of the evidence. In its review, that court analyzed recent Louisiana Supreme Court jurisprudence relative to the affirmative defenses of insanity and self-defense. We agree with its holding that defendant bears the burden of proving the defense of entrapment by a preponderance of the evidence. Thus, the relevant inquiry here is whether the defendant adduced evidence of her entrapment such that any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that defendant had not proved by a preponderance of the evidence that she was entrapped.
We conclude the trier of fact could have found that the defense of entrapment was not proved. Defendant does not deny that she was already predisposed to provide the documents; she claims, however, that she did not intend to obtain a material benefit by providing the records and, thus, did not intentionally commit the offense of public bribery. In essence, she argues Peters actually completed the offense by offering her $100.00 when she had not received or asked for money.
The only evidence which might support the defense of entrapment was provided by defendant’s testimony in which she claimed that she had not expected to receive money for the records and that she thought the $100.00 she received from Peters was a loan. Although the taped exchange in which defendant acknowledged that she could use the money Peters offered in return for the printouts actually occurred after she had transferred the records, it is, nevertheless, illustrative of her state of mind at the time she met Peters to give him the documents and establishes that she expected a material gain in exchange for the information. Coupled with Peters’s testimony that he offered her money in return for N.C.I.C. records, we believe any rational trier of fact could have found that, before the meeting in which the documents were exchanged, defendant was predisposed to accept money for confidential records and her acceptance of the money offered by Peters was simply the culmination of their agreement. We find, therefore, that any rational trier of fact could have concluded that defendant failed to establish the defense of entrapment by a preponderance of the evidence. This assignment of error has no merit.
EXCESSIVE SENTENCE
By assignment of error number six, defendant submits the trial court erred by imposing an excessive sentence and by failing to comply with the sentencing criteria of La.C.Cr.P. art. 894.1.
The maximum sentence that can be imposed for the offense of public bribery is imprisonment at hard labor for five years. Defendant was sentenced to serve fifteen months at hard labor. Although the sentence imposed is not lengthy in comparison with the maximum possible, it is contended that the length of the sentence is excessive because defendant should have been given a suspended sentence (as a first offender *706 with an excellent record.) We note that, although defendant argues the trial court erred by failing to comply with the sentencing criteria of La.C.Cr.P. art. 894.1, the transcript of the sentencing hearing reflects that the trial court specifically considered each factor listed. Thus, defendant’s argument that the court failed to comply with La.C.Cr.P. art. 894.1 has no merit. She further asserts that the court considered factors which were improper, which factors resulted in the court’s decision to impose a term of imprisonment. We agree that some of the factors listed by the court were inappropriate.
The trial court specifically stated that it would not impose probation because a lesser sentence would deprecate the seriousness of the offense. The court voiced its opinion that “[I] see nothing more serious than an employee working in a law enforcement agency selling information to persons on the street, particularly, persons of questionable background,” presumably a reference to Jerry Peters (the informant with whom she became associated during the investigation) and Bobby Blanton, a friend of defendant. Blanton did not testify at trial or participate in this investigation; however, Peters testified the investigation of defendant was induced by remarks Blanton made concerning her to Peters while Peters was covertly investigating Blanton. Defendant correctly argues that she should not have been sentenced on the basis of unsubstantiated and prejudicial information, particularly since there is no clear evidence that she was aware of the criminal background of these men at the time of the offense. The fact that Blanton was, at the time of sentencing, in a federal penitentiary in Atlanta was not an appropriate consideration in light of the tenuous evidence associating him with the actions of defendant.
Defendant further asserts the trial court erred by stating its intention to deter similar actions by other state employees by the sentence imposed on defendant. While it is not improper for the court to take into account larger sociological concerns in imposing sentence, as long as the sentence is particularized to the defendant, a desire to teach others a lesson is not an acceptable basis for the penalty imposed on defendant. State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984). As in Vampran, while it is apparent the trial court’s concern over the seriousness of the offense is valid, it is apparent that its outrage prevented it from imposing a properly individualized sentence. We find, therefore, that the trial court erred by considering improper factors which are either not supported by admissible evidence or which are inappropriate in the imposition of sentence.
Considering only factors appropriate in sentencing, and disregarding the concerns which motivated the trial court to impose imprisonment for this defendant, we conclude that under these particular circumstances the trial court abused its sentencing discretion.
For the foregoing reasons, the conviction is affirmed, and the defendant’s sentence is vacated and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
LANIER, J., concurs.