NORRIS, Judge.
The defendant, Augustus Kimple, was charged by bill of information with simple burglary, LSA-R.S. 14:62. After a jury trial he was found guilty as charged and was later sentenced to six years at hard labor. He now appeals, urging the sentence is excessive. For the reasons expressed, we affirm the conviction but vacate the sentence and remand with instructions.

Facts

We have reviewed the evidence in light most favorable to the prosecution. On the early morning of August 14, 1987, Kimple and five companions forcibly entered a small grocery store in Tallulah. Kimple was 17 years old at the time; the others were apparently younger, as their cases were handled through the juvenile court. According to Michael Richardson, one of the companions who testified at trial, Kim-ple suggested the burglary and Richardson agreed to accompany him. First Kimple went to his father’s truck and got a pistol which he hid in his pants. On the way to the store they met some more friends who joined them. When they reached Rev. Acey Williams’s grocery store on Harding St., they broke down the exterior plain wooden door. The interior door was bolted shut and could not be opened, but it had a window which they smashed. Kimple and some of the others lifted Richardson *624 through the window. Once inside, he took about 30 packs of cigarettes and two soft drinks, which he handed to Kimple and the others waiting by the interior door. Mar-vella Hudson, who was Kimple's girlfriend and had come along, asked for the gum machine so Richardson took it too. They then left the store and walked about a block away to divide their take; Kimple got four packs of cigarettes. There was an argument about the gum machine; Hudson smashed it on the street. The others helped her gather the spilled money, $2.40 in pennies, and gave it to her to be divided later. The group then split up.
Someone reported the commotion and the noise of shattering glass in the street. The police arrived and picked up several of the youths who had started to run. Two of them, Hudson and Rodney Reese, gave statements that implicated Kimple. Another, Glenn Brown, gave a statement which did not. Kimple was arrested later that morning. He led officers to his parents’ house on Jackson St. and turned over his four packs of cigarettes. Kimple was on juvenile probation at the time. Richardson was not arrested until three months later. He was also on juvenile probation.
At trial, Rev. Acey Williams testified that he gave no one permission to enter his store. He said about 30 packs of cigarettes were taken; 23 were returned. The gum machine was broken, but the $2.40 was returned. Michael Richardson testified to most of the facts outlined above. Glenn Brown, who originally did not implicate Kimple, testified to essentially the same facts as did Richardson.
The jury found Kimple guilty as charged and the court imposed a sentence of six years at hard labor. Kimple appeals, originally advancing two assignments of error. The second, urging insufficient evidence, was neither briefed nor argued and is considered abandoned. URCA-Rule 2-12.4; State v. Williams, 338 So.2d 672 (La.1976). We note parenthetically that the direct testimony of Kimple’s confederates Richardson and Brown names him as the instigator of, and a participant in, the burglary. Viewed in light most favorable to the prosecution, the evidence could persuade any rational finder of fact that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Discussion

By his first assignment Kimple claims the sentencing judge did not particularlize the sentence to him and imposed an excessive sentence. He cites her failure to recognize several mitigating factors and contests her finding that his conduct was influenced by drug and alcohol abuse. The judge must take cognizance of the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1 but need not list every factor as long as the record shows ample consideration of the guidelines. State v. Smith, 433 So.2d 688 (La.1983). The goal of art. 894.1 is to provide an adequate factual foundation for the sentence, and not merely to effect an empty recitation of the factors. Remand is not necessary when the record shows an adequate factual basis for the sentence. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
A sentence violates LSA-Const. art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The sentencing judge has wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside absent a manifest abuse of *625 discretion. State v. Square, 433 So.2d 104 (La.1983).
The judge listed several of the art. 894.1 factors and stated they did not apply. We agree with her conclusions as to some, such as the absence of facilitation by the victim, and the presence of a criminal history, including a subsequent indictment for second degree murder. However, we are constrained to hold that she placed undue weight on one finding that is not genuinely supported by the record. This is the finding that Kimple’s misconduct was due to the influence of alcohol and drugs.
The evidence of Kimple’s alleged drug and alcohol abuse is as follows. The probation agent who prepared the presentence investigation report (PSI) interviewed Kim-ple’s high school principal, Mr. Dixon, who had recently observed a change of attitude and character in young Kimple. According to the PSI, Mr. Dixon “felt” that drugs and alcohol were major factors in the change, but he did not offer any facts or details. The probation agent also interviewed Kim-ple’s mother. She admitted hearing rumors that her son was using drugs and alcohol, but never saw him using them. She felt that her son’s girlfriend, Marvella Hudson, may have been the influencing factor in this offense. Based on this information, the judge prefaced and concluded the sentencing with statements that, “apparently you were influenced by alcohol and drugs” and “your conduct is likely to reoccur [sic], especially if you are using drugs and alcohol.” R.p.p. 157, 159. We feel that this “finding,” based on unsworn and uncorroborated statements that do not purport to be any more than “feeling” and “rumor,” should not be elevated to the status of a “fact” sufficient to justify a heavier sentence than would otherwise be merited.
At the sentencing hearing, Mrs. Kimple took the stand and reiterated that she had never seen her son using drugs or alcohol. She did not mention the “rumors,” even though she went to see Mr. Dixon about her son’s faltering grades. Upon questioning she acquiesced in the judge’s assertion that drugs and alcohol could have caused her son to lose interest in school. This testimony does not, in our estimation, transform the information in the PSI into reliable fact.
It is axiomatic that the sentencing judge may not rely on unsubstantiated, prejudicial information in passing sentence. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Brand, 506 So.2d 702 (La.App. 1st Cir.1987), affirmed 520 So.2d 114 (La.1988).
We agree that the evidence supports the judge’s decision to impose prison time. Kimple was the instigator of the plot, he armed himself before the break-in, had violated juvenile probation in the past and had been arrested on other charges as an adult. Although Kimple was technically a first felony offender, the judge’s refusal to impose a probated sentence was clearly not an abuse of discretion. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
When we place the “finding” of drug and alcohol abuse into proper perspective, however, we can find little to support the apparently severe sentence imposed. The judge did not consider that Kimple is a youthful offender. In fact, she did not mention any element of Kimple’s personal history. Until the previous school year, he had made good grades. He worked every summer in the hoe fields, earning $16 to $21 dollars a day to buy his school clothes. The “take” from this burglary was very small, and Kimple voluntarily returned his portion. The damage to the building was also minor. There is no evidence that Kim-ple declined a pre-trial drug testing program.
When we consider the seriousness of this offense and the reliably documented personal information about this offender, a sentence of six years at hard labor is grossly out of proportion. It is notably more severe than the sentences imposed for similar crimes and offenders in cases like State v. Hunter, 441 So.2d 434 (La.App. 2d Cir.1984), writ denied 444 So.2d 1239 (La.1984), State v. Lincoln, 471 So.2d 1194 (La.App. 3d Cir.1985), and State v. Tedder, *626 471 So.2d 1176 (La.App. 3d Cir.1985). Without the presence of alcohol and drug abuse, we feel that the maximum sentence imposable under these circumstances would be four years at hard labor. The sentence imposed is therefore vacated and the case remanded for resentencing.
We acknowledge, however, that if substance abuse can be established, it might be valid grounds for imposing on this defendant a heavier sentence, perhaps even as heavy as six years. On remand, it is incumbent upon the sentencing court to base its finding on reliable information, and not on rumor and speculation. A supplemental PSI might be ordered, or additional witnesses called to the sentencing hearing. The district court shall then resentence Kimple, on the basis of facts proven, in accordance with this opinion.

Decree

The defendant’s conviction is affirmed. The sentence is vacated and the case remanded for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING WITH INSTRUCTIONS.