563 So.2d 420 (1990)
STATE of Louisiana
v.
Oliver RANKIN.
No. KA 89 0616.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*421 Bryan Bush, Dist. Atty., Baton Rouge by Brenda Creswell, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before EDWARDS, LANIER and FOIL, JJ.
EDWARDS, Judge.
Oliver Rankin was charged in a single bill of information with two counts of molestation of a juvenile over whom he had control or supervision, violations of LSA-R.S. 14:81.2. The bill of information charged that the offense in Count I occurred between September 4, 1984, and August of 1986 and that the offense in Count II occurred during the time span relating to Count I and during the period between October 16, 1987, and November 3, 1987. The jury convicted defendant as charged in Count I and returned the responsive verdict of guilty of indecent behavior with juveniles in Count II. For the molestation of a juvenile, the trial court sentenced defendant to imprisonment at hard labor for a term of fifteen years. For indecent behavior with juveniles, the court imposed a sentence of imprisonment at hard labor for a term of seven years. The court ordered that the sentences run concurrently. On appeal, defendant filed two assignments of error[1] but briefed only one, alleging that the trial court erred by imposing excessive sentences and by failing to follow the statutory guidelines set forth in LSA-C.Cr.P. art. 894.1.
The record reveals that the victim of Count I, (victim one), was defendant's stepdaughter. The victim of Count II, (victim two), was a girl who lived in the same neighborhood as defendant in Zachary, Louisiana. On November 17, 1988, the date of trial, victim one was twelve years old, and victim two was ten years old. A friendly relationship existed between the families of both victims. Defendant frequently baby-sat for victim two.
On November 3, 1987, victim two disclosed in private to her Zachary Elementary School teacher that defendant had been "touching [her] where he shouldn't." The teacher took the child to the assistant school principal. The disclosure was reported to the police. Defendant was placed under arrest for molestation of a juvenile and advised of his constitutional rights.
On November 3, defendant's wife, victim one's mother, questioned victim one to determine whether or not defendant had been sexually involved with her. Initially, victim one denied any such involvement; however, on the following day, victim one told her mother that defendant had molested her.
In regard to victim one (Count I), the record reflects that defendant started "touching" her when she was about seven years old, that that conduct escalated to sexual intercourse with her at age nine; and that sexual intercourse occurred about once a month, continuing until about the end of May of 1987. According to victim two (Count II), defendant's involvement with her occurred at several different times and locations. Victim two testified that defendant used to put his hands on her "privates." Victim two stated that this conduct consisted of defendant grabbing her on the outside of her underpants; and, at least once, defendant put his hands inside her underpants. On at least one occasion, *422 defendant asked victim two to hold his "privates."
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). In other words, a sentence may be both within the statutory limits and constitutionally excessive. Sepulvado, 367 So.2d at 767. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether or not a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355, 358 (La.1980). Maximum sentences are imposed for the most serious violations of the described offense and for the worst kind of offender. State v. Tate, 506 So.2d 546, 552 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Orgeron, 512 So.2d 467, 470 (La. App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988).
A trial court's reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Chaney, 537 So.2d 313, 317 (La.App. 1st Cir.1988), writ denied, 541 So.2d 870 (La.1989). The trial court need not recite the entire checklist found in LSA-C.Cr.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Carr, 530 So.2d 579, 592 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1573, 103 L.Ed.2d 939 (1989).
On the day preceding sentencing, the trial court conducted a hearing at which defendant's sisters, Hulene Mayfield and Johnnie Mae Wood, testified on defendant's behalf. Both women gave testimony supporting suspended sentences and probation. At the conclusion of the testimony of defendant's sisters, the trial court noted that it was taking judicial cognizance of the evidence introduced at defendant's trial. The court noted that it was in possession of a letter addressed to the prosecutor from an out-of-state family which the prosecutor had provided the court concerning an alleged molestation of the family's child by defendant. Defense counsel acknowledged that he had been given an opportunity to read the letter and that he had read it. The court marked and filed the letter in evidence.
The following day, the trial court reconvened the matter of defendant's sentencing. Both defense counsel and defendant declined the court's offer to them to make a statement prior to sentencing. In its initial sentencing remarks, the trial court noted that it had taken into consideration defendant's sisters' testimony (concerning their knowledge of defendant and lack of knowledge of defendant having previously done anything like the instant offenses). The court noted that the sisters were speaking through sisterly love and wanted defendant to be released.
The court took into consideration the ages of the victims of the instant offenses and that of defendant, i.e. that defendant was fifty-three years old.[2] The court stated *423 that it had considered the information disclosed in the letter concerning the alleged out-of-state child molestation victim, including the information that the alleged victim was only four years old at the time of the alleged offense. The court stated that it found the instant offenses particularly offensive because of the youthful age of the victims, specifically noting the birthdates of victim one and victim two. The court stated that both victims received detrimental emotional distress as a result of defendant's acts committed against them. The trial judge opined that defendant's acts were something that each victim will never forget during her entire lifetime and something that will adversely affect each victim's emotions throughout her life. The trial judge noted that while the jury had returned a verdict of guilty of molestation of a juvenile on Count I and a verdict of guilty of indecent behavior with juveniles on Count II, a lesser and included offense, the court thought defendant was proven guilty of molestation of a juvenile on Count II.
In additional sentencing reasons, the trial court indicated that defendant's status as a first felony offender mitigated in defendant's favor. However, the court noted that defendant had been tried by jury in another state and found not guilty on a charge similar to the charges in Counts I and II in the instant case. As to that acquittal, the court opined that it shows a tendency of defendant to commit these types of offenses, a factor which the court had taken into consideration in imposing the instant sentences. The trial court found that there was an undue risk that during any suspended sentence defendant would commit other crimes of a similar nature as exhibited by defendant's past and information which the court had received from other victims. The court opined that defendant's desires are uncontrollable and that defendant will attempt to commit the same type of crime in the future. The court indicated that any lesser sentence would deprecate the seriousness of the offenses and that defendant was in need of correctional treatment in a custodial environment best provided by commitment to a correctional institution. In imposing each of the sentences, the court specifically stated that probation was not in order.

ALLEGED NON-COMPLIANCE WITH LSA-C.CR.P. art. 894.1
Although defendant argues that the trial court erred by failing to comply with the sentencing criteria in LSA-C.Cr.P. art. 894.1, the transcript of the sentencing hearing reflects that the court adequately complied with those criteria in imposing the sentences.
Thus, defendant's argument that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 has no merit.

ALLEGED IMPROPER SENTENCING FACTORS
Defendant also asserts that the trial court considered factors which were improper, i.e., (1) the information in the letter concerning an alleged out-of-state child molestation victim of defendant, and (2) defendant's trial and acquittal in another state on a similar charge, as showing a tendency of defendant to commit these type of offenses.
The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Washington, 414 So.2d 313, 315 (La.1982); State v. Douglas, 389 So.2d 1263, 1267 n. 2 (La. 1980). Prior criminal activity is one of the factors under LSA-C.Cr.P. art. 894.1 to be considered by the trial court in sentencing a defendant. Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d at 315; State v. Brown, 410 So.2d 1043, 1044-1045 (La.1982).
Accordingly, we find no error in the trial court's consideration of the contents of the letter concerning the alleged out-of-state child victim. Moreover, other than asserting that the letter's contents *424 were unsubstantiated, defendant did not allege any mistake or falsehood in the contents of the letter. In the absence of allegations of mistake or falsehood, evidence of uncharged offenses is admissible and is a valid factor for consideration in sentencing. See State v. Smith, 431 So.2d 838, 840 (La.App. 2d Cir.), writ denied, 435 So.2d 463 (La.1983). Thus, defendant's argument relating to this alleged improper sentencing factor is meritless.
However, we find merit in defendant's argument relating to the other alleged improper sentencing factor, i.e., the trial court's consideration of a prior trial and acquittal on a similar charge, as showing the tendency of defendant to commit sex offenses of the same type as those in the instant case. While the trial court could properly have relied upon evidence introduced in a trial on a criminal charge for which defendant was acquitted, see United States v. Bernard, 757 F.2d 1439 (4th Cir.1985) and State v. Frost, 306 N.W.2d 803 (Minn.1981), the record does not indicate that the trial court relied on evidence introduced in such a trial. Instead, the record shows only that the trial court simply referred to defendant as having previously been tried and acquitted on a similar charge. Accusation of criminal reliance on evidence introduced in the trial at which the accused was acquitted, is impermissible as a sentencing consideration for subsequent conduct resulting in a criminal conviction. See Smith v. State, 308 Md. 162, 517 A.2d 1081 (1986). Cf. State v. Williams, 397 So.2d 1287, 1294 (La.1981).
For the foregoing reasons, we affirm defendant's convictions but vacate his sentence on both counts and remand this matter for resentencing in a manner not inconsistent with the views expressed herein. Cf. State v. Brand, 506 So.2d 702 (La.App. 1st Cir.), writ granted, 512 So.2d 445 (La. 1987), affirmed, 520 So.2d 114; State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir. 1984).
CONVICTIONS AFFIRMED, SENTENCES VACATED, REMANDED FOR RESENTENCING.
LANIER, J., concurs in part, dissents in part and assigns reasons.
LANIER, Judge, concurring in part and dissenting in part.
I dissent from that portion of the majority opinion that holds that the trial judge erred by considering a similar charge for which the defendant was acquitted, vacates the sentence and remands for resentencing. In all other respects, I agree with the opinion. See State v. Jackson, 540 So.2d 533 (La.App. 4th Cir.), writ denied, 548 So.2d 1228 (La.1989); State v. Bouie, 532 So.2d 791 (La.App. 4th Cir.1988).
NOTES
[1] Defendant's other assignment claims that the evidence was insufficient to support the jury's verdicts. However, defendant expressly abandoned this assignment in brief.
[2] The record reflects that defendant was fifty-three on the day he was sentenced for the instant offenses.