WATKINS, Judge.
Leroy Davis was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967(A). Defendant pled not guilty; after trial, ten of the twelve jurors found defendant guilty as charged. Defendant was subsequently sentenced to serve fifteen years at hard *475 labor. Defendant appeals, alleging the following errors.
1. The court committed error by not appropriately complying with the provisions of LSA-C.Cr.P. art. 894.1 in determining the sentence of the defendant by failing to give serious consideration to the factors enumerated in LSA-C.Cr.P. art. 894.1.
2. The court committed error by inappropriately considering factors outside the provisions of LSA-C.Cr.P. art. 894.1 in determining the sentence of the defendant.
3. The court committed error in not giving serious considerations to the pre-sentence investigation report ordered by the court and timely filed into the record in determining the sentence of defendant.
4. The sentence imposed upon defendant was excessive and violative of defendant’s constitutional rights under the Louisiana Constitution of 1974.
FACTS
Pursuant to an intelligence gathering operation into illegal narcotics trafficking in the Clinton, Louisiana, area, an undercover law enforcement officer allegedly purchased a small quantity of cocaine from defendant for twenty-five dollars. The buy allegedly occurred on October 22, 1987. The agent reported the purchase to the authorities and identified defendant from an array of photographs. A warrant was issued, and defendant was arrested on February 24, 1988. The substance was later identified as cocaine.
All four of defendant’s assignments of error attack the validity of the sentence imposed herein. By way of assignment number four, defendant contends that the sentence imposed was excessive and viola-tive of his constitutional rights under the Louisiana Constitution. In assignment of error number one, defendant urges that the trial court committed error by not properly complying with LSA-C.Cr.P. art. 894.1. In his second assignment of error, defendant argues that the trial court erred by improperly considering factors outside of the provisions of art. 894.1. Finally, by way of assignment of error number three, defendant asserts that the trial court committed error by not giving serious consideration to the presentence investigation report which it had ordered.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). In other words, a sentence may be both within the statutory limits and constitutionally excessive. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether or not a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate as to shock our sense of justice. A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Payne, 540 So.2d at 524.
A trial court’s reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (La.1987). To prevent the possible imposition of excessive punishment and to guide the trial court in its sentencing tasks, Article 894.1 sets forth factors which justify a sentence of imprisonment and other factors which tend to indicate suspension of sentence or probation as more appropriate. State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984). In imposing sentence, a trial court must comply with the mandatory requirements of the article *476 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Vampran, 459 So.2d at 1335. Although Article 894.1 does not require the trial court to set forth all of the factors listed therein to which it accorded weight in determining whether or not to impose a sentence of imprisonment, nevertheless, the trial court must consider those factors listed in Article 894.1 in light of the particular facts of each case. State v. Vampran, 459 So.2d at 1335. The trial court should review the defendant’s personal history, prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Vampran, 459 So.2d at 1335. While it is not improper for the trial court to take into account larger sociological concerns in imposing sentence, its views thereon should not cause it to overlook any possible mitigating factors. State v. Vampran, 459 So.2d at 1335. Additionally, a trial court’s opinion as to defendant’s credibility is not, in and of itself, an acceptable basis on which to sentence defendant. State v. Carter, 522 So.2d 1100 (La.App. 1st Cir.1988). Finally, although the recommendations contained in a presen-tence investigation report are entitled to receive serious consideration from the trial court, it is in no way bound thereby in formulating the particular sentence to be imposed. See State v. Bing, 410 So.2d 227 (La.1982).
Herein, defendant was convicted of distribution of a small quantity of cocaine and was exposed to a maximum sentence of thirty years at hard labor and a minimum sentence of five years at hard labor, along with a possible fine of not more than $15,000.00. See LSA-R.S. 40:967B.(1). However, the trial court was not precluded from suspending defendant’s sentence or placing him on probation. See LSA-R.S. 40:967G. Before imposing sentence, the trial court ordered a presentence investigation report. It indicated that defendant was thirty years old and had no prior criminal record. The PSI further showed that defendant was enrolled in Clinton High School through the tenth grade before he was forced to drop out in order to help support his family following an accident in which his father was injured. Defendant has been employed on a regular basis since that time. Concerning the instant offense, defendant continues to maintain his innocence and feels that the narcotics officer mistakenly identified him as the person who actually committed the crime. The PSI specifically recommends that any sentence imposed be suspended and that defendant be placed on probation for five years.
In imposing a sentence of fifteen years at hard labor, the trial court stated that it reviewed the PSI which failed to show any contrition on the part of defendant. It indicated that not to impose a term of imprisonment would deprecate the seriousness of the offense. The trial court stated: “Cocaine in its various forms is a bane upon our society and I think that anyone who participates in the distribution of that substance is deserving of being sent to the penitentiary.” The trial court noted that since defendant denied any participation in the instant offense, it was probable that defendant would continue to indulge in the distribution of drugs if he were placed on probation. The trial court concluded that it reviewed the considerations of Article 894.-1B and was not of the opinion that any of those factors mitigated in favor of imposing a period of probation upon defendant.
Although the trial court made specific reference to Article 894.1 more than once in imposing sentence, it erred when it announced a policy that any person convicted of the crime charged herein will automatically be incarcerated without consideration of his individual circumstances. See State v. Lembcke, 444 So.2d 353 (La. App. 1st Cir.1983). The legislature has not seen fit to preclude the possibility of probation or suspension of sentence for the crime charged herein; while the trial court is not required to suspend the sentence herein or place defendant on probation, it cannot automatically preclude the possibility thereof without first individualizing the sentence meted out to the particular cir *477 cumstances of defendant herein. State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir. 1984). The considerations listed in LSA-C. Cr.P. art. 894.1 provide a method for particularizing sentences of individual defendants. The seriousness of the crime herein and the possibility of recidivism are but two of the several factors a trial court should consider when deciding whether or not to impose incarceration or probation. LSA-C.Cr.P. art. 894.1. There are several additional factors, which the trial court apparently disregarded, mitigating in favor of a less onerous sentencing alternative, the most important of which is the fact that defendant is a first time offender.
Accordingly, we find the sentence imposed herein is excessive based on the facts of this case as we understand them. See State v. Bing, 410 So.2d at 229.
For the reasons above, defendant’s sentence is vacated, and the case is remanded to the trial court for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED, SENTENCE IS VACATED AND CASE IS REMANDED FOR RESENTENCING.