643 So.2d 455 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Rufus SEARILE, Defendant-Appellant.
No. CR94-7.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*457 Anthony L. Walker, Mamou, for State of La.
John Blake Deshotels, Ville Platte, for Rufus Searile.
Before YELVERTON and COOKS, JJ., and BERTRAND[*], J. Pro Tem.
YELVERTON, Judge.
The defendant, Rufus Searile, was charged by bill of information with distribution of a controlled dangerous substance, crack cocaine, Schedule II, a violation of La.R.S. 40:967(A)(1). After trial the jury found the defendant guilty as charged. The defendant was sentenced to serve 30 years at hard labor and to pay $80.50 in court costs, $50 to the victim fund, $75 to the crime lab and $350 to the indigent defender board upon his release from prison. The defendant made an oral motion to reconsider his sentence which the court denied. The defendant now appeals his conviction and sentence.

FACTS:
On July 1, 1992, Deputy Romana Frugé of the St. Landry Sheriff's Office, and a confidential informant proceeded to an area of Ville Platte, Louisiana, referred to as "the woods." This area is known for its drug problems. Deputy Frugé was a two-year veteran of the St. Landry Parish Drug Task Force and seven-year veteran in law enforcement. Deputy Frugé was wired with a body microphone on that evening. Officers Grady Pitre and Todd Artise were in one backup unit. Deputies Bradford Fontenot and Paul Auzenne were in the other backup unit.
As Deputy Frugé and the CI were driving along the CI pointed out the defendant. The defendant was among the people mentioned as targets. The CI then called the defendant over to the car and told him she had a friend who was looking for some crack. At this point the defendant told them to "make a block and come back." Upon returning the defendant had them do so again. When they returned Travinsky "Trigger" Ardoin was standing next to the defendant. The defendant reached in a blue Firebird and retrieved something which he apparently placed in Trigger's right hand. Trigger approached the car on the deputy's side. The deputy exchanged a $20 bill for a rock of crack cocaine held in Trigger's right hand. Trigger then went back to the defendant. The deputy and the CI proceeded to the predesignated location where they met with the four surveillance officers.

ERRORS PATENT:
There are three errors patent. The first and second have to do with the sentence, and the third has to do with the conviction.
The first sentencing error was the order to pay $50 to the victim compensation fund. This portion of the sentence is analogous to ordering the defendant to pay restitution. There is no provision in the law allowing for restitution where the defendant's sentence is not suspended. See State v. Frith, 561 So.2d 879 (La.App. 2d Cir.), writ denied 571 So.2d 625 (La.1990); State v. Matthews, 572 So.2d 250 (La.App. 1st Cir. 1990), writ denied 575 So.2d 387 (La.1991). The sentence ordering a $50 payment to the victim compensation fund is illegal and is vacated.
The second patent error is that the record indicates the sentencing judge failed to give defendant credit for time served. This is required. La.Code Crim.P. art. 880. On remand, the sentencing court is ordered to amend the sentence and give credit for time served.
The third problem has to do with this conviction. It may amount to a reversible error. We cannot determine the full extent of the problem from the record. It requires a remand and a hearing. We must remand the case for a hearing to determine whether the alternate juror participated in the deliberations.
After the jury instructions the alternate juror, Mr. Bordelon, was excused by the trial judge and dismissed at the time the jury was given the case. The trial judge invited Mr. *458 Bordelon to stay to "see" the outcome of the case if he so desired. After the jury reached its verdict it was polled. The clerk of court asked all 12 regular jurors, in turn, whether that juror agreed with the verdict (guilty). Each said yes and the polling resulted in a unanimous verdict. The clerk of court did not stop the polling with the 12 regular jurors, however, but also asked Mr. Bordelon if that was his verdict and he declared for the record that it was. Thus on this record we are left with the quandary of whether Mr. Bordelon, having participated in the polling, might also have participated in the deliberations. If he did, that would have been a violation of the mandate that the jury be sequestered during deliberations. La.Code Crim.P. art. 791(C); State v. Howard, 573 So.2d 481 (La.1991); State v. Maze, 596 So.2d 218, 219 (La.App. 3rd Cir.), writ denied 604 So.2d 963 (La.1992). We cannot make that determination until after a remand and a hearing to find out what Mr. Bordelon was doing while the regular jury was deliberating.

ASSIGNMENTS OF ERROR REGARDING CONVICTION

1.
In this first assignment of error the defendant complains that the State failed to prove that the substance introduced and referred to as "cocaine" was actually a Schedule II drug. This assignment has no merit. The legislature in La.R.S. 40:964, Schedule II, (A)(4) listed cocaine as meeting the Schedule II criteria. The State was not required to prove that cocaine was a Schedule II drug since the legislature has legally defined it as a Schedule II drug.

2. & 3.
The defendant alleges that the trial court erred in allowing the introduction of other crimes evidence without appropriate notice being afforded his counsel and in failing to grant a mistrial with regard to the police officers' testimony concerning other crimes. These assignments are directed to two answers during testimony of State's witnesses Officers Frugé and Pitre that were unresponsive. One answer mentioned that the defendant had been in jail and the other that the defendant had been pointed out to the witness as a drug dealer. The State was not responsible for these answers. State v. Williams, 447 So.2d 495, 499 (La.App. 3rd Cir.), writ denied, 450 So.2d 969 (La.1984).
In the first instance the trial judge granted the objection, ordered the statement stricken, admonished the witness, and instructed the jury to disregard the response. The trial judge denied a motion for a mistrial. In the second instance the same corrective procedure was followed, but there was no motion for a mistrial.
There is no merit to this assignment. We find no abuse of discretion in the denial of the mistrial in the first instance. None was requested in the second instance.

4.
The defendant objected to the introduction of the cocaine in evidence on the ground that it had not been properly identified. This assignment was based upon conflicting testimony between two police officers as to which one received the cocaine. Since there was no question that the police received it, the chain of evidence was sufficiently established. The discrepancy went to the weight of the evidence as determined by the jury. There was no error. State v. Gamble, 631 So.2d 586 (La.App. 3rd Cir.1994).

5.
The defendant claims that he was erroneously denied the right to ask leading questions in the examinations of two police officers. He is right. These were witnesses identified with an adverse party and he should have been permitted to ask leading questions. La.Code Evid. art. 611(C). However, these were harmless errors. The defendant has been unable to show that he was deprived of any defense by these rulings. State v. Bellows, 442 So.2d 889 (La.App. 3rd Cir.1983), writ denied 446 So.2d 1222 (La. 1984).

ASSIGNMENTS OF ERROR REGARDING SENTENCING

6.
It is contended that the trial court erred in defendant's sentencing, as it disregarded the *459 sentencing guidelines, considered charges not resulting in conviction, and considered an arrest which did not result in conviction. The defendant contends that his sentence was unconstitutionally excessive because of these alleged defects in the sentencing.
In sentencing the defendant the trial judge stated for the record that he had considered the guidelines. He also gave lengthy reasons for sentencing and the record contains the considerations taken into account and the factual basis for the sentence imposed. Therefore, he complied with the law in regard to the sentencing guidelines and the sentence is not constitutionally excessive because of any such claimed procedural deviations. La.Code Crim.P. art. 894.1. State v. Smith, 639 So.2d 237 (La.1994).
The trial judge did not consider uncharged crimes. The sentencing judge considered arrests but that is not improper. State v. Williams, 412 So.2d 1327 (La.1982).
The sentence in this case was the maximum of 30 years. The sentencing judge believed that the maximum of 126 months suggested by the sentencing guideline report was not realistic and was entirely inadequate considering this offense and this offender. Where a trial judge adheres to the requirements of La.Code Crim.P. art. 894.1 and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for constitutional excessiveness, regardless of whether the trial court imposed a sentence pursuant to the Guidelines or outside of the range called for by the Guidelines. State v. Smith, 639 So.2d 237 (La.1994).
The sentencing judge noted from the presentence investigation report that the defendant in his 24 years had an extensive criminal record. This was his third felony offense. In fact, at the time of his arrest for this offense he was serving a 5-year federal prison term for the federal offense of possession of a handgun during illegal drug trafficking.
The judge stated that he had studied the presentence report and noted the extensive number of the misdemeanor offenses. The presentence report lists these, and shows that several of those offenses were crimes against a person. In at least five of the offenses that he committed during his lifetime, the defendant had a handgun in his possession. The judge believed that there was an undue risk that the defendant would commit a similar crime if he had a chance, that there were no justifying or excusing grounds, and that a lesser sentence would depreciate the seriousness of the offense.
The judge took into consideration larger sociological concerns such as the problems drugs have caused in society, as a means of expressing the seriousness of the offense, especially in the light of the repetitive nature of the defendant's conduct. This was not improper. State v. Vampran 459 So.2d 1333 (La.App. 1st Cir.1984). Although the sentencing judge mentioned the deterrent value of the sentence for others similarly engaged in criminal activity, which was improper (see Vampran, 459 So.2d at 1335), a careful study of his reasons for sentencing indicate that the emphasis was on defendant's criminal history of prior felony and misdemeanor convictions and arrests, the sociological impact of defendant's crime, the seriousness of the crime, the likelihood that the defendant would commit a similar crime, and the amount of predesigned concern in this crime. In other words, the sentence was particularized to this defendant. For these reasons, we cannot say that the maximum sentence imposed in this case was constitutionally excessive.
Defendant raised other assignments of error, but they were not briefed, and are considered abandoned.
We have expressed our views on the assignments of error, and on the errors patent as much as we can, but we must await making a final judgment on appeal until a remand answers our concern about the alternate juror. Therefore, that portion of the sentence requiring restitution is illegal, and the trial judge is ordered to vacate it on the record. The case is remanded to the district court for a hearing to determine if the alternate juror, Bordelon, participated in the deliberations in any way. After the trial judge makes that determination, the Clerk of Court of Evangeline Parish is ordered to return this case to us, the record supplemented with *460 the hearing and judge's ruling, so that we can complete the appeal process.
REMANDED, WITH INSTRUCTIONS.
NOTES
[*] Honorable Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.