| xYELVERTON, Judge.
On the appeal of this case as reported in State v. Searile, 643 So.2d 455 (La.App. 3rd Cir.1994) we expressed our views on all the assignments of error, as well as the errors patent, but before making a final judgment on appeal we thought it necessary to remand for a hearing to answer our concern about what the alternate juror was doing during the deliberations of the jury. From the record as it stood then, |2it looked like the alternate juror, Bordelon, having told the clerk during the polling following the verdict that he had voted to find the defendant guilty, might also have participated in the deliberations. We remanded the case for the limited purpose of the trial court conducting a hearing to tell us what happened.
The case is back. The hearing has been held. The court heard testimony from the *777 jury foreman, Ronald Morein, the alternate, Gerald Bordelon, and the deputy minute clerk, Tina Fontenot. The trial judge concluded from this hearing that Bordelon did not deliberate -with the 12 regular jurors, and was not polled after the verdict.
The trial judge stated for the record that the court reporter for the trial, Kelly Ortego, could not be present for the hearing due to health problems, but that he had spoken with her in an attempt to learn how the record had become flawed. According to the judge, Ms. Ortego told him she “was positive” all of the jurors had responded affirmatively when polled, so she relied on the jury list (which included the alternate’s name) rather than listening to the tape of the polling when she transcribed this portion of the record. The judge stated he listened to the tape himself, and had no doubt the polling was conducted properly. We note that Bordelon’s testimony indicates he did not stay to hear the verdict; instead he went back to work. Thus, he was not even in the courtroom when the jury deliberated, returned its verdict, and was polled.
| sFor the reasons assigned in our earlier opinion, and in this opinion, the conviction of the defendant is affirmed. The sentence as amended is affirmed. (While the ease was on remand, the trial judge gave the defendant credit for time served.)
CONVICTION AFFIRMED; AMENDED SENTENCE CONFIRMED.