663 So.2d 199 (1995)
STATE of Louisiana, Appellee,
v.
Thomas Edward HINES, III, Defendant-Appellant.
No. CR95-111.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Writ Denied February 9, 1996.
*200 Michael Harson, Dist. Atty., Rickey Wayne Miniex, Asst. Dist. Atty., Lafayette, for State of Louisiana.
Carrol Lee Spell Jr., Lafayette, for Thomas Edward Hines, III.
Before SAUNDERS and SULLIVAN, JJ., and KNIGHT,[1] J. Pro Tem.
SAUNDERS, Judge.
The defendant pled guilty to one count of vehicular homicide, a violation of La.R.S. 14:32.1, and was sentenced to fifteen (15) years at hard labor. Defendant appeals his sentence alleging that it is excessive. We agree and reverse.

FACTS
On February 27, 1993, defendant, while operating a motor vehicle under the influence of alcohol, caused a head-on collision resulting in the death of John Henry Mattire, Jr.
Defendant pled guilty to one count of vehicular homicide and received a sentence of fifteen (15) years at hard labor, the maximum prison sentence allowed under La.R.S. 14:32.1. Defendant filed a motion to reconsider sentence which was denied by the trial court. After receiving information negating many of his alleged prior criminal convictions, he subsequently filed an amending and supplemental motion to reconsider the sentence. This motion was also denied by the trial court.
Defendant now seeks review with this court alleging the following seven assignments of error.
ASSIGNMENTS OF ERROR
1. The sentence imposed by the trial court is unconstitutionally excessive and constitutes cruel and unusual punishment.
2. The sentence imposed by the trial court exceeds, without justification, the Louisiana Sentencing Guidelines.
3. The trial court improperly considered as aggravating factors elements which had previously been considered by the Louisiana Sentencing Commission in the formulation of the Louisiana Sentencing Guidelines.
4. The trial court failed to consider and/or give any weight to the mitigating factors present in this matter.

*201 5. The trial court erred in failing to balance its expressed sympathy for the victims with acceptable penal goals of the State of Louisiana in sentencing the defendant.
6. The trial court erred in classifying defendant as a third felony offender without sufficient evidence of the disposition of prior charges in the State of Florida.
7. The trial court erred in finding that defendant had three prior misdemeanor convictions of operating a vehicle while intoxicated.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record. After review of the record, we find there is one error patent. The sentence imposed was not in accordance with the requirements of La.R.S. 14:32.1(B) which reads as follows:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years.
In State v. Stein, 611 So.2d 800 at 801 (La.App. 3 Cir.1992), this court, quoting the Louisiana Supreme Court in State v. Jackson, 452 So.2d 682 (La.1984), stated:
[W]hen a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought the appellate review.
In the case sub judice, the trial court noted the statutory mandate of both a fine and imprisonment, but chose not to impose a fine, a departure from the terms of La.R.S. 14:32.1(B). Nonetheless, because the State has not sought review of the sentence, we will ignore this relatively insignificant error.

ASSIGNMENTS OF ERROR NOS. 1, 6 & 7:
Next, we turn to defendant's assigned errors.
By the defendant's first assignment of error, he alleges that the sentence imposed by the trial court is excessive.
In support of his first assigned error, the defendant argues that his sentence is excessive in comparison with other sentences imposed for similar crimes by the same court, or other courts, and that maximum sentences should be reserved for the most egregious and blameworthy of offenders.
In support of his sixth assignment of error, defendant argues the trial court erred in classifying him as a third felony offender without sufficient evidence of the disposition of the prior charges in the State of Florida. By his seventh, he argues the trial court erred in finding that defendant had three (3) prior misdemeanor convictions of operating a vehicle while intoxicated.
We find merit to each of these arguments. The sentencing court was misinformed as to defendant's prior felony and misdemeanor conviction record.
Defendant contends there was no evidence adduced of convictions of driving under the influence in Florida in 1983 and 1987. The State contends defendant's criminal activity consists of three (3) prior driving while intoxicated convictions, one in 1983, one in 1987, and one in 1992.
Citing State v. Palmer, 448 So.2d 765 (La.App. 2 Cir.), writ denied, 452 So.2d 695 (La.1984), the State contends the trial court, in sentencing defendant, is not limited to considering only defendant's prior convictions but may properly consider all prior criminal activity. This is true.
*202 In State v. Lemelle, 502 So.2d 130 at 132 (La.App. 3 Cir.1987), this court stated, "A trial court may consider a plea bargain by a defendant, State v. Lanclos, 419 So.2d 475 (La.1982), and a trial court may also consider criminal activity not leading to a conviction, State v. Brown, 410 So.2d 1043 (La.1982)." In accord, State v. Berry, 630 So.2d 1330 at 1335 (La.App. 4 Cir.1993) ("[A] trial court could consider unadjudicated criminal activity in sentencing.") The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Douglas, 389 So.2d 1263 (La.1980). Berry, 630 So.2d at 1335; State v. Bouie, 532 So.2d 791, 793 (La.App. 4 Cir.1988).
Nonetheless, this general rule cannot be applied so broadly as to permit a criminal sentence to stand even when the sentence is clearly based on erroneous information. To the contrary: "Sentences must be individualized to be compatible with the offenders as well as the offenses." State v. Jones, 398 So.2d 1049, 1051 (La.1981).
Art. 1, § 20 of the Louisiana Constitution of 1974 authorizes appellate review of individual sentences for excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence meted out within statutory limits can be excessive, State v. Sepulvado, and maximum sentences are reserved for the most egregious and blameworthy of offenders. State v. LeBlanc, 578 So.2d 1036, 1039 (La.App. 3 Cir.1991), writ denied, 620 So.2d 833 (La.1993).
In the case sub judice, defendant was sentenced to fifteen (15) years at hard labor which is the maximum provided by law. In imposing this sentence the trial court was under the erroneous impression that defendant had a longer criminal record, including two prior felony convictions, than was in fact the case:
THE COURT:
* * * Your record is extensive. You have a three page rap sheet, including at least two prior felony offenses; so we are treating this as a third felony offense, and you have had at least three prior operating a motor vehicle while intoxicated convictions. In fact, there is an outstanding warrant in Orange County, Florida now for a probation violation for you concerning one of your OWI offenses there. You have a driving under the influence conviction in Orange County, Florida in 1983, a conviction in Florida for DUI in 1987, and a conviction in this district in 1992 in Carencro where your blood alcohol level was .235. Additionally you've driven under suspension repeatedly in the past and were even driving under a suspended license at the time this offense occurred.
Your two prior felony convictions were a 1983 fraudulent check charge in Seminole County, Florida and in 1985 a grand larceny in Sarasota, Florida. You had accompanying charges there of uttering forged instruments and obtaining property by worthless checks, but this was all treated as one felony since you disposed of them on the same date.

* * * * * *
In sentencing defendant, the trial court noted three prior misdemeanor convictions and two prior felony convictions:

Misdemeanors
a 1983 DUI conviction in Orange County, Florida;
a 1987 DUI conviction in an unspecified county of Florida;
a 1992 DWI conviction received in Louisiana.

Felonies
a 1983 fraudulent check charge in Seminole County, Florida; and
a 1985 grand larceny conviction in Sarasota County, Florida.
These aggravating factors noted by the trial court in sentencing defendant are largely unsupported by the record evidence.
The source of the error can be traced to a defective presentence investigation, which erroneously classified defendant as a third felony offender, noting among the two prior felony convictions the 1985 charge of grand larceny (similar to La.R.S. 14:67) in Sarasota County, Florida; however, this felony charge did not result in defendant's conviction, but *203 rather had been dismissed for lack of prosecution by Chief Judge Dakar of the Twelfth Judicial Circuit for Sarasota County, Florida. Thus, defendant should have been characterized as a second felony offender, not a third.
Second, while the sentence was meted out under the false impression that defendant had three prior DWI or DUI convictions, the record only supports the one Louisiana DWI conviction. The record does not show that defendant had been convicted in 1983 for DUI, to the contrary; an October 31, 1994, report by the clerk of court for Orange County suggests no felony or misdemeanor records under the name of "Thomas Edward Hines." Finally, neither the presentence investigation nor the record contains evidence of a 1987 DUI conviction. Consequently, the trial court erred in counting these Florida DUI convictions among defendant's prior "convictions."
In light of the foregoing, we find merit to defendant's first, sixth and seventh assigned errors. Because the record does not support defendant's purported history of criminal convictions in the State of Florida, and the trial court expressly relied upon these in its sentencing, we are compelled to reverse what otherwise would be an appropriate sentence, as the court clearly labored under "false impressions about relator's record." Cf. State v. Myles, 94-0217 (La. 6/3/94) at p. 3; 638 So.2d 218, 219. For this reason, defendant's sentence is vacated, and his proceedings remanded to the trial court for resentencing on the basis of the record in accordance with State v. Smith, 93-0402 (La. 7/5/94); 639 So.2d 237.

OTHER ERRORS ASSIGNED
Defendants other assigned errors, treated consecutively below, are not so convincing, however.

Assignment of Error No. 2
By defendant's second assignment of error, he argues the sentence imposed by the trial court exceeds without justification the Louisiana Sentencing Guidelines. In defendant's brief, defense counsel noted that assignment of error number two was not briefed in light of the Louisiana Supreme Court's pronouncement in State v. Smith, 639 So.2d 237.
As this claim was neither briefed nor argued, the assignment of error is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

Assignment of Error No. 3
In defendant's third assignment of error, he states that the trial court improperly considered as aggravating factors elements which had previously been considered by the Louisiana Sentencing Commission in the formulation of the Louisiana Sentencing Guidelines.
In support of this assignment of error, the defendant makes the unsupported assertion that the legislature took the factors cited by the trial judge above into consideration when it enacted the statutory penalty range for the offense. He argues that the elements which the court characterized above as aggravating circumstances will be present in every vehicular homicide and that this accident cannot be said to be worse than any other accident which results in a vehicular homicide charge. Defendant specifically states that a fatality, facts which are offensive to all sober, right thinking individuals, violation of one or more traffic laws, loss of a loved one, emotional and economical hardship, and photographs of death and destruction will always be present in a vehicular homicide prosecution. Defendant contends that to say the mere existence of these facts justifies the imposition of the maximum sentence is to say that the maximum sentence should be imposed in every vehicular homicide case.
Defendant's argument overlooks the other factors the trial judge considered in imposing the maximum sentence in this case such as the defendant's blood alcohol level of almost three times the legal limit, the fact that the defendant was proceeding down the wrong side of the interstate at approximately 100 mph, the failure of the defendant to stop when the police officer attempted to pull him over, the fact that the defendant has several prior arrests and convictions for driving under the influence of alcohol, and that his license was suspended at the time of this *204 fatal accident. In imposing the maximum sentence, the trial judge specifically found that this was not the typical vehicular homicide case and stated:
The fact of your prior driving while drinking, driving under suspension and felony offenses and the severity of the facts in this particular case and the seriousness of the impact on the victim and his family, bring this out of the typical vehicular homicide case and warrants a just and upward departure from the sentencing guidelines.
We find that this assigned error lacks merit. The only reason we find the trial court's sentence unacceptable is that it treats a second felony offender with one DWI conviction as a third felony conviction with three DWI's.

Assignment of Error No. 4
By defendant's fourth assignment of error, he claims the trial court failed to consider and/or give weight to the mitigating factors.
In particular, defendant points to the following mitigating factors: he accepted responsibility for the offense, he expressed genuine remorse, he pled guilty, he committed the offense without significant premeditation, he took steps which rehabilitated himself or were reasonably related to his rehabilitation, he spent a significant period of time free of any custody status during which he was not engaged in any criminal activity, and he cooperated with law enforcement authorities with respect to the current crime. At sentencing, after defense counsel listed these mitigating factors, the trial judge commented on these mitigating factors. The trial judge also considered the mitigating factors when he gave his reasons for imposition of the sentence. Therefore, we find this assignment of error without merit.

Assignment of Error No. 5
By defendant's fifth assignment of error, he claims the trial court erred in failing to balance its expressed sympathy for the victims with acceptable penal goals in sentencing the defendant. We were unable to find any argument on this assignment of error in defendant's brief; and therefore, this assignment of error is deemed abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

DECREE
Based on the foregoing, the defendant's conviction is affirmed, however, his sentence is vacated and this matter is remanded for resentencing in accordance with this opinion and Louisiana law.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.