757 So.2d 731 (2000)
STATE of Louisiana
v.
Clyde E. KING.
No. 99-860.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
*732 William E. Tilley, District Attorney, Ted R. Broyles, Assistant District Attorney, Leesville, Louisiana, Counsel for State of Louisiana.
S. Christie Smith, IV, Leesville, Louisiana, Counsel for Defendant/Appellant-Clyde E. King.
(Court composed of NED E. DOUCET, Jr., Chief Judge, ULYSSES GENE THIBODEAUX, and OSWALD A. DECUIR, Judges).
DOUCET, Chief Judge.
On June 26, 1998, Defendant was charged by bill of information with unlawful distribution of a controlled dangerous substance, schedule II, in violation of La. R.S. 40:967 A(1) and La.R.S. 40:964 A(4). In return for the State's agreement that it would not make a recommendation concerning the length of Defendant's sentence, that it would not charge the Defendant as a habitual offender and that it would recommend that drug rehabilitation be included in his sentence, Defendant pled guilty to the charge on January 8, 1999. The court ordered a presentence investigation report and a sentencing hearing was held March 24, 1999. Defendant was sentenced to serve eighteen years at hard labor, with credit for time served, to run consecutively to any other sentence to which the Defendant was subject. Because of numerous prior convictions, Defendant was informed that he would not be eligible for parole. Defendant now appeals his sentence.

FACTS:
On Friday, June 26, 1998, Defendant sold a $40.00 rock of cocaine to a Vernon Parish undercover officer during a sting operation. The substance was lab tested and determined to be crack cocaine.

ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there are three errors patent.
First, the trial court failed to inform the Defendant of his right to the assistance of counsel at trial as required by La.Code Crim.P. art. 556.1(A)(3). However, we find this error harmless, since the Defendant was represented by counsel at his guilty plea proceeding and because he has not alleged his guilty plea was involuntary as a result of the trial court's failure to so advise.
Secondly, the trial court did not inform the Defendant that the offense to which he pled could be used to enhance the penalty for any subsequent offense he may commit. La.Code Crim.P. art. 556.1(E), which became effective August 15, 1997, provides: "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." The Defendant pled guilty to distribution of cocaine. La.R.S. 40:982 provides for an enhanced penalty for a second or subsequent offense involving drugs, including distribution of cocaine. Thus, the trial court erred in failing to so inform the Defendant. This requirement is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of the three Boykin rights), and the Defendant does not claim he is prejudiced by the trial court's failure to inform him. Further, in order for an offense to be enhanced under La.R.S. 40:982, the offender must be charged as a second or subsequent offender under 40:982 in the same bill of information or indictment as the charged offense. State v. Murray, 357 So.2d 1121 (La.1978). Accordingly, Defendant has suffered no detriment at the present time. However, to preclude any possible future detriment to the Defendant, we order the district court to inform the Defendant of the provisions of La.R.S. 40:982 (and thus comply with La.Code Crim.P. art. 556.1(E)) by sending appropriate written notice within ten days of the rendition of *733 this opinion and filing written proof that the Defendant received notice in the record of these proceedings.
Finally, although the trial court did state that "according to the report," the Defendant was not eligible for parole, it specifically failed to impose the first five years of the Defendant's sentence without benefit of probation, parole or suspension of sentence. La.R.S. 40:967(B)(4)(b). Thus, the Defendant's sentence is illegally lenient. However, since the State has not complained of the illegality of the sentence and La.R.S. 15:301.1 had not yet taken effect when Defendant was sentenced, we find no error can be recognized. See State v. Hines, 95-111 (La.App. 3 Cir. 10/4/95); 663 So.2d 199, writ denied, 95-2686 (La.2/6/96); 667 So.2d 528.

ASSIGNMENT OF ERROR:
In Defendant's sole assignment of error, he contends that the consecutive sentence of eighteen years at hard labor for the distribution of a schedule II drug was excessive because the court failed to sufficiently consider the totality of the circumstances. More specifically, Defendant complains that the court has previously given lesser sentences to similarly situated defendants. Also, Defendant complains that the sentence is excessive because he lacks violent tendencies, does not pose a threat to society and was willing to cooperate with authorities.
The sentence range for distribution of cocaine is set forth in La.R.S. 40:967 B(4)(b) as follows:
Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
At the sentencing hearing, the court considered several of the aggravating circumstances as mandated in La.Code Crim.P. art. 894.1 as follows:
The factors that the court considered, among others, under the Code of Criminal Procedure are as follows: When one deals in the sale of illegal drugs there is always harm of an economic and other nature to society in general because one is contributing to the drug problem. There was no provocation or inducement to commit this offense. Mr. King has spent much of his adult life in jail due to the sale of controlled dangerous substances and being involved in the drug scene. In fact, in this instance, he was released from jail on a prior conviction on March 3rd, 1998 and then committed this offense on June 26th, 1998, so, he was out just short of four months before he got back into the drug business. He has been placed on parole or probation five times in the past and that has been revoked four times. He has a history of drug use. He is a fourth felony offender under our law. The court believes that he is likely to continue to commit this type of activity if he is allowed to remain out on the streets or get out on the streets anytime relatively soon.
In a similar case, State v. Searile, 94-7 (La.App. 3 Cir. 10/5/94); 643 So.2d 455, this court concluded that a thirty-year sentence imposed for the distribution of crack cocaine was particularized to the defendant because the trial judge's reasons for sentencing indicated that
... the emphasis was on defendant's criminal history of prior felony and misdemeanor convictions and arrests, the sociological impact of defendant's crime, the seriousness of the crime, the likelihood that the defendant would commit a similar crime, and the amount of predesigned concern in this crime.

Id. at pp. 7-8, 459.
The trial judge in Searile noted the defendant's twenty-four year criminal history. *734 He was a third felony offender and, at the time of his arrest for this offense, was serving a five-year federal prison term for possession of a handgun while engaged in illegal drug trafficking. The trial judge also noted numerous misdemeanor offenses which included several crimes against persons.
In the case sub judice, the trial judge, in his reasons for sentencing, also emphasized the Defendant's past criminal history, the sociological impact of his offense and the likelihood that he would continue the same type activity. Although the Defendant lists several mitigating circumstances that he claims may be applicable to his case, he does not provide sufficient facts to show how they apply in this case. Additionally, it is well established that the trial court need not refer to every aggravating and mitigating circumstance to comply with this article. Thus, in light of Searile, we find the record affirmatively reflects that adequate consideration was given to Article 894.1 guidelines in particularizing the Defendant's sentence.
Lastly, Defendant compares the sentence in the instant case to sentences imposed by the Thirtieth Judicial District Court upon two defendants in unrelated cases. The minutes are attached but no information is given regarding the aggravating or mitigating circumstances surrounding the court's decisions in these cases to make an adequate comparison. An appeal was filed with this court by Clifford L. Gill, CR92-27, arising from charges under Bill of Information No. 45150. However, the sentence was not challenged on appeal, and thus, the circumstances surrounding the court's decision were not discussed. The decision was not published. The remaining cases are not published, and thus, we are unable to gather information about the defendants or to confirm the substance of the decisions. Furthermore, there is no requirement that defendants with similar records receive the same sentence. State v. Williams, 96-37 (La.App. 3 Cir. 6/26/96); 677 So.2d 692.
For the purpose of comparison, we note the sentences imposed in similar cases. The defendant in Williams was sentenced to twenty years at hard labor for distribution of cocaine. The defendant had two prior felony convictions and had pled guilty to possession of marijuana in Texas. This court recognized that although the sentence was lengthy, the trial judge did not abuse his discretion. A twenty-year sentence for distribution of cocaine was upheld in State v. Davis, 27,961 (La.App. 2 Cir. 4/8/96); 672 So.2d 428, writ denied, 97-0383 (La.10/31/97); 703 So.2d 12. In Davis, the defendant was a fourth felony offender, three of the felonies were for distribution of controlled dangerous substances. His adult convictions dated back to 1971 and included simple battery, resisting arrest, drunk and disorderly conduct, possession of marijuana, theft, criminal damage to property, attempted simple burglary of an inhabited dwelling, and distribution of marijuana and PCP. The defendant committed the offense at issue while on parole for the PCP offense. The court noted that had he been billed and adjudged as a fourth felony offender, he would have faced a minimum of life at hard labor without benefits.
In the instant case, the Defendant received eighteen years, just a little over one-half of the maximum sentence. Also, as a result of his plea, the State agreed not to charge him as a habitual offender. Defendant was a fourth felony offender and, like the defendant in Davis, would have received a much lengthier sentence without the plea agreement. In light of the benefit gained from the plea bargain and consideration of the length of the sentence imposed, we find that Defendant's sentence is not excessive.
For the foregoing reasons, we find this assignment of error is without merit.
Accordingly the case is remanded and the trial court is hereby directed to inform the Defendant of the provisions of La.R.S. *735 40:982 (and thus comply with La.Code Crim.P. art. 556.1(E)) by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of these proceedings. Defendant's sentence is affirmed.
AFFIRMED AND REMANDED.