780 So.2d 489 (2001)
STATE of Louisiana
v.
Allen Theo PRICE, Jr.
No. 00 00987-KA.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Honorable Don H. Burkett, District Attorney, Many, LA, Counsel for State of Louisiana.
*490 Paula Corley Marx, Louisiana Appellate Project, Lafayette, LA, Counsel for Allen Theo Price, Jr.
Court composed of YELVERTON, DECUIR, and AMY, Judges.
YELVERTON, J.
The Defendant was charged by bill of information, bearing docket number 51025, with possession with intent to distribute a controlled dangerous substance, Schedule II (cocaine), in violation of Louisiana Revised Statute 40:967(A)(1). This is our docket no. 987.
The Defendant, Allen Theo Price, Jr., was also charged by bill of information, with possession with intent to distribute a controlled dangerous substance, Schedule I (marijuana), in violation of Louisiana Revised Statute 40:966(A)(1). This case is our docket no. 988.
In a consolidated proceeding, the Defendant entered an Alford plea to both charges pursuant to a plea bargain with the State. The State agreed to dismiss all underlying offenses and to not bill the Defendant as a habitual offender. Further, the plea agreement required that the sentences be ordered to run concurrent to each other and any other sentence the Defendant was currently serving.
On May 17, 2000, the Defendant was sentenced to ten years at hard labor on each docket number. The sentences were ordered to run concurrent to each other and concurrent to a sentence under an unrelated charge in the lower court. The trial judge further ordered the Defendant to participate in the Concordia Parish Substance Abuse Program while incarcerated.
The Defendant filed a motion to reconsider both sentences on May 30, 2000, and the motion was denied the same day. A motion for appeal was granted on June 2, 2000. As the pleas and sentences were consolidated below, the appeals have been consolidated. We will give our reasons for decision in the captioned docket number, and render a separate judgment today in State v. Price, 00-00988 (La.App. 3 Cir.1/31/01), 780 So.2d 493.

FACTS
The facts of the Defendant's crimes are taken from the State's presentation of facts given to the court for the purpose of the Alford plea.
On October 1, 1998, the Defendant was observed by Sabine Parish Sheriff's Detectives outside the Foxy Lady Club in Zwolle. When an officer approached the Defendant's car, he smelled a strong smell of marijuana. The Defendant admitted he was smoking a "blunt," and consented to a search of his car. The Defendant's passenger got out of the car, and the officer found eight rocks of crack cocaine in a bag behind the passenger seat.
On November 16, 1998, the Zwolle Police Department received information that the Defendant had a large quantity of marijuana under the driver's seat of his car. The Defendant was apprehended near the Foxy Lady Club. Two bags of marijuana were found in the Defendant's possession.

ERRORS PATENT
In accordance with Louisiana Code of Criminal Procedure Article 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in docket number 00-988.
The trial court did not impose the first five years of Defendant's sentence to be served without benefit of probation, parole, or suspension of sentence as required by Louisiana Revised Statute 40:967(B)(4)(b). However, since no one has complained of the error, it will not be recognized. We are aware that Louisiana Revised Statute 15:301.1 was enacted by the Legislature effective August 15, 1999. That statute provides:

*491 A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
B. If a sentence is inconsistent with statutory provisions, upon the court's own motion or motion of the district attorney, the sentencing court shall amend the sentence to conform to the applicable statutory provisions. The district attorney shall have standing to seek appellate or supervisory relief for the purpose of amending the sentence as provided in this Section.
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
D. Any amendment to any criminal sentence as authorized by the provisions of this Section shall be completed within one hundred eighty days of the initial sentencing.
The Defendant was sentenced after the effective date of Louisiana Revised Statute 15:301.1. However, we find the new provision does not affect his sentence. The Defendant was sentenced on May 17, 2000. One hundred eighty days elapsed on November 13, 2000. Subsection (B) requires that if a sentence is inconsistent with statutory provisions, it must be amended to conform to applicable statutory provisions. This can be done either on the sentencing court's own motion or the motion of the district attorney. Subsection (D) limits the time for such an amendment to completion "within one hundred eighty days of the initial sentencing." We find nothing in the record to indicate that the sentence was amended within 180 days of the initial sentencing. The State did not file a motion to reconsider. State v. Barroso, 99-1297 (La.App. 5 Cir. 5/17/00), 762 So.2d 206.
Therefore, since the sentence imposed has not been challenged, the error will not be recognized. State v. Hines, 95-111 (La. App. 3 Cir. 10/4/95), 663 So.2d 199, writ denied, 95-2686 (La.2/6/96), 667 So.2d 528 (citing State v. Jackson, 452 So.2d 682 (La.1984)).

ASSIGNMENT OF ERROR
The Defendant contends he received excessive sentences and that the trial court failed to adequately consider his history of substance abuse and social dysfunction. The Defendant was sentenced to ten years at hard labor on each conviction. The sentences were ordered to run concurrent to each other and to another sentence the Defendant was serving. The trial judge further ordered the Defendant to participate in the Concordia Parish Substance Abuse Program while incarcerated.
Louisiana Revised Statute 40:967(B)(4)(b) provides the penalty for possession of cocaine with the intent to distribute as "imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars."
*492 Louisiana Revised Statute 40:966(B)(2) provides the penalty for possession of marijuana with the intent to distribute as "imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifty thousand dollars."
We note that the Defendant received low-range sentences as he could have been sentenced to two consecutive thirty-year sentences. In addition, the Defendant benefitted significantly by his plea bargain with the State. In exchange for his Alford pleas, the State agreed to dismiss all underlying charges and agreed to not bill the Defendant as a habitual offender. The record shows he was charged with resisting arrest by flight, battery on a police officer, and aggravated flight from an officer in connection with one of the instant convictions. Further, we note the Defendant received an illegally lenient sentence as discussed in the error patent section above.
In State v. Dubroc, 99-730, p. 22 (La. App. 3 Cir.12/15/99), 755 So.2d 297, 311, this court held:
To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Pyke, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713.
At sentencing, the Defendant admitted to the trial court that on October 1, 1998, he had just finished smoking marijuana when the police approached him and after a subsequent search found eight rocks of cocaine in his car. The trial judge noted the Defendant was also arrested on November 16, 1998, in Zwolle. The judge stated the Defendant punched an officer in the head when he tried to search the Defendant's car. The Defendant grabbed a bag of marijuana, ran across the street, hid it, returned to the car, and tried to drive off while the officer was securing the Defendant's car.
The trial judge noted that the Defendant has no respect for law enforcement and no regard for the law. The judge considered the Defendant's social history and the fact that he was raised by his aunt in less than desirable circumstances. The Defendant completed the ninth grade with very low grades before dropping out. The judge noted the Defendant's short employment record.
The judge noted the Defendant served a month and a half on his prior one-year sentence before he was released on an appeal bond. The judge noted the appeal bond had been revoked and the authorities had been looking for the Defendant.
At sentencing, the trial judge stated:
Mr. Price, you have a significant criminal record to be only twenty years old. Possession of marijuana in '97, you received probation. Simple battery in '97, you received probation. The special conditions of probation is for a dog fighting charge; I don't place any emphasis on that. Later on in '97 you had that possession of marijuana and possession of cocaine charge that we just talked about, for which you received five years, four years suspended. All within a year and a half you'vewell, you've stretched out to call it two years, three felonies, a number of misdemeanors. You have a felony theft charge pending from Zwolle P.D. at this time. You were arrested as a result of a fight that occurred on the North Toledo Bend State Park on May 26, 1997. Let's see, that's a crime against a person. You have charges of resisting arrest.
The trial judge found that based upon the facts of these cases, the Defendant's *493 personal and criminal history, and the sentencing guidelines, that there was an undue risk that the Defendant would continue to commit crimes if placed on probation.
The Defendant is a twenty-year-old second felony offender with an extensive criminal history since his adulthood. Based on the record, the sentences imposed on the Defendant are not grossly out of proportion to the severity of his crimes, nor are they a needless imposition of pain and suffering. The transcript reflects the trial judge considered the Defendant's mitigating factors of social dysfunction and substance abuse, and specifically ordered him to participate in the parish drug treatment program while incarcerated. We find the Defendant's sentences are not excessive and this assignment of error is without merit.
AFFIRMED.