JjBROWN, C.J.
After being tried and convicted of distribution of cocaine, defendant, Dominique Davis, challenges his adjudication as a second felony habitual offender and the resulting sentence. The first assignment of error, that the sentence was doubly enhanced, is factually erroneous. The second assignment claims that the trial court erred by considering post conviction behavior. We affirm.

Discussion

Defendant was charged with distribution of cocaine, a violation of La. R.S. 40:967. He was tried and found guilty as charged on October 31, 2002. On November 26, 2002, defendant was sentenced to a ten-year term at hard labor. The first five years were ordered to be without benefit of probation, parole, or suspension of sentence. The state then filed a bill of information alleging that defendant was a ha *619 bitual felony offender and that he should be sentenced pursuant to La. R.S. 15:529.1 and 40:982. Previously, on January 21, 1997, defendant had pled guilty to a reduced charge of possession of cocaine and was sentenced to three years suspended and two years probation. His probation was thereafter revoked.
Inexplicably, the hearing was not had for some 17 months after the filing of the habitual offender bill. After the prosecution proved that defendant was a second felony drug offender, defendant presented two character witnesses. The prosecutor advised the court that since his conviction defendant had been arrested for two counts of introduction of contraband into a penal facility, but that the state would forgo prosecution of those cases.
|2The trial judge sentenced defendant to 20 years at hard labor, with the first five years to be without benefit, and with credit for time served. Also, defendant was to complete drug treatment before his release. Defendant appeals this sentence.
Defendant claims that he was sentenced pursuant to two enhanced sentencing statutes, namely La. R.S. 15:529.1 and 40:982. La. R.S. 40:982 provides for second and subsequent offenses of the same drug crime but requires that the indictment or information specifically charge that second offense. State v. King, 99-860 (La.App. 3d Cir.02/02/00), 757 So.2d 731. Apparently defendant believes that he was charged with a second offense distribution which provides a greater penalty than for distribution. However, this is clearly erroneous. The amended bill of information filed on October 30, 2002, the day before the trial, charged only distribution, not distribution of cocaine second offense. The initial sentence was not based on any enhanced or habitual offender proceeding. Thereafter, the habitual offender bill was filed. While the habitual offender bill cited both La. R.S. 15:529.1 and 40:982, the trial court noted this error during the proceedings and elected to proceed solely under La. R.S. 15:529.1. Therefore, defendant’s sentence was enhanced only once under the habitual offender statute. Accordingly, there is no merit to defendant’s first complaint.
The next issue arose during the habitual offender hearing when the ADA told the court of two new charges against defendant for the introduction of contraband into a penal facility. The ADA then said that the state would not prosecute on those charges.
| sThe court ruled that “based upon all of this ... working from the original sentence ... and the fact that the minimum now is 15 years ... and considering the subsequent violations since the conviction ... it is the sentence of the Court that you are sentenced to 20 years in prison at hard labor” with credit for time served and the first five years to be without benefit.
The jurisprudence of this state holds that in determining an appropriate sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may review all criminal activity. Moreover, a trial judge may consider a defendant’s attitude and criminal propensities. As a general rule, the trial court has wide discretion to sentence within statutory limits. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). In the absence of allegations of mistake or falsehood, evidence of uncharged offenses is a valid consideration in sentencing. State v. Myles, 94-0217 (La.06/03/94), 638 So.2d 218; State v. Jones, 31,569 (La.App.2d Cir.12/09/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40; State v. Emerson, 31,408 (La.App.2d Cir.12/09/98), 722 So.2d 373, writ denied, 99-1518 (La.10/15/99), 748 So.2d 470. De *620 fendant did not respond or object to the ADA’s statement. The trial judge, when considering the sentence, correctly noted defendant’s propensity for criminal activity-
Under the habitual offender statute, La. R.S. 15:529.1, defendant, as a second felony offender, faced a sentence range of 15 to 60 years. The trial court previously found defendant, who sold 16 rocks, to be an “up-the-line” |4dealer. The 20-year sentence was appropriate and on the low end for this charge.

Conclusion

For the reasons above, defendant’s sentence of 20 years at hard labor with the first five to be without benefit and credit for time served is AFFIRMED.